IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PALO ALTO NETWORKS, INC. SECURITIES LITIGATION<br><br>This Document relates to:<br><br>ALL ACTIONS | Lead Case No. 24-cv-01156-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiffs have brought this purported class action against Palo Alto Networks, Inc. (or PANW) alleging that the company and its executive officers violated the Securities Exchange Act by making misleading statements to investors about its financials. Defendants successfully moved to dismiss Plaintiffs' first amended complaint, so Plaintiffs filed their operative second amended complaint, which Defendants now move to dismiss. The Court finds this matter suitable for resolution without oral argument under Civil Local Rule 7-1(b) and **GRANTS** Defendants' motion with prejudice.

As the Court explained in its order granting Defendants' first motion to dismiss, the core failure of Plaintiffs' first amended complaint is that Plaintiffs did not allege particular facts that would establish that Defendants' statements were misleading when they were made. MTD Order (dkt. 75) at 8–12. More specifically, Plaintiffs did not allege facts to support their assertions (1) that general demand was declining in August and November 2023, (2) that demand for platform products was declining in August and November 2023, (3) that demand for platform products was low relative to demand for other products in August and November 2023, or (4) that PANW had already decided to give away free products in August and November 2023. Id. at 10. Plaintiffs attempted to rely on after-

the-fact statements made by PANW's CEO, but as the Court has already explained, Plaintiffs' reliance on those statements stripped them of context. Id. at 11–12. Taken in context, the CEO's statements cut against, rather than in favor of, Plaintiffs' narrative that PANW and its executive officers were conspiring to hide PANW's poor platformization metrics from the company's investors. Id.

      Plaintiffs' second amended complaint fails to remedy these flaws in their first amended complaint. For instance, Plaintiffs insist that Defendants' 2023 statements that the cost of money, rather than clients' concerns about paying for multiple products simultaneously, was the primary friction point for platformization, and that deferred payments, rather than discounts or free products, would alleviate customers' concerns. Id. ¶¶ 73–78; Opp. (dkt. 80) at 5. But these statements are not backed up by factual allegations to show that, in August and November 2023, PANW's customers were already expressing concerns about paying for multiple products simultaneously, or that PANW at that time already needed to offer discounts or free products to keep up demand for platformization. Plaintiffs continue to rely heavily on PANW's CEO's February 2024 statements that PANW had been "quietly working to develop programs" that would ease customers' concerns about platformization, but those statements do not prove that PANW's August and November 2023 statements were false when made. SAC (dkt. 76) ¶¶ 6–7, 79–94; see MTD Order at 11–12 (citing In re Cloudera, Inc., 121 F.4th 1180, 1189 (9th Cir. 2024) ("'[L]ater, sobering revelations' do not by themselves 'make [an] earlier, cheerier statement a falsehood.'" (citation omitted))). Thus, Plaintiffs' allegations that Defendants' 2023 statements were false when they were made are conclusory and fail to state a claim. SAC ¶¶ 74, 78; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (courts "not bound to accept as true a legal conclusion couched as a factual allegation"); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (Rule 9(b) requires a plaintiff to set forth the "who, what, when, where, and how" of the alleged fraud).

      Plaintiffs' cited authority does not remedy their failure to plead with particularity the circumstances surrounding the alleged securities fraud. These are cases in which

courts found—contrary to the Court's conclusion above—that the challenged statements were actually false when they were made. See Berson v. Applied Signal Tech., Inc., 527 F.3d 982, 985 (9th Cir. 2008) (statements about company's backlog omitted risk of cancellation of backlogged projects); In re Intuitive Surgical Sec. Litig., 65 F. Supp. 3d 821, 833 (N.D. Cal. 2014) (defendants misclassified adverse FDA reports to avoid reporting them); Evanston Police Pension Fund v. McKesson Corp., 411 F. Supp. 3d 580, 598–99 (N.D. Cal. 2019) (defendants omitted information about known illegal price-fixing schemes); Mulderrig v. Amyris, Inc., 492 F. Supp. 3d 999, 1006–07 (N.D. Cal. 2020) (statements about augmenting accounting policies omitted fact that accounting department was not increasing or improving); Laborers Dist. Council Constr. Indus. Pension Fund v. Sea Ltd., 743 F. Supp. 3d 1083, 1106–07 (D. Ariz. 2024) (statement that metrics were consistent and "in line with" previous quarters misleading because there was actually a decline in the relevant metrics); Pardi v. Tricida, Inc., No. 21-cv-76-HSG, 2022 WL 3018144, at *12–13 (N.D. Cal. July 29, 2022) (statement that FDA raised one issue with product omitted that FDA actually raised three issues to defendants). If Plaintiffs had adequately alleged that, in August and November 2023, platformization already had the problems that it ultimately did, these cases might be relevant. But Plaintiffs did not so adequately allege, so this precedent does not help them.

The Court also explained in its earlier order that there was an independent ground for dismissal: Plaintiffs had not adequately alleged scienter because PANW's CEO's stock sales were not so suspicious as to give rise to an inference of scienter. MTD Order at 18–19. Plaintiffs offer no new evidence regarding the CEO's stock sales, instead adding various allegations about the history and purpose of SEC Rule 10b5-1. SAC ¶¶ 97–111. Nothing in this new material creates the strong inference of scienter that is required to establish an Exchange Act violation. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 323 (2007).

Finally, Plaintiffs attempt in their second amended complaint to bring a new "scheme liability" claim, SAC ¶¶ 189–95, but this fails for the same reasons as their other

1  claims fail.  Plaintiffs cannot remedy their failure to plead falsity or scienter by
2  repackaging their claims as "scheme liability" claims under SEC Rules 10b-5(a) and (c).
3  See Kang v. PayPal Holdings, Inc., 620 F. Supp. 3d 884, 902 (N.D. Cal. 2022).  Plaintiffs
4  do not explain how their proposed scheme relies on any different alleged misstatements or
5  omissions than their primary claims, so their scheme allegations do not state a claim either.

     For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss. Plaintiffs' failure to allege any new facts in their third attempt at a complaint indicates that leave to amend would be futile, so this dismissal is with prejudice.  See Pearson v. California, No. 20-cv-5726-CRB, 2022 WL 1225014, at *2–3 (N.D. Cal. Apr. 26, 2022) (repeated failure to allege specific facts justifies denial of leave to amend as futile).

**IT IS SO ORDERED.**

Dated: August 19, 2025



CHARLES R. BREYER
United States District Judge

4